IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SCOTT J. BISHOP,
    Petitioner,

vs.                                    Case No.:  3:13cv118/MCR/EMT

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (doc. 1). Respondent filed a motion to dismiss the petition as impermissibly second or successive, pursuant to 28 U.S.C. § 2244(b) (doc. 11). Petitioner filed a response in opposition to the motion (doc. 13). At the court's direction, Respondent filed a reply (doc. 16).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the record before the court shows that the petition is subject to dismissal as an unauthorized "second or successive" habeas corpus application, and thus should be dismissed for lack of jurisdiction.

I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 16).[1] On March 15, 2006, Petitioner was convicted by a jury in the Circuit

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's reply (doc. 16). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Court in and for Escambia County, Florida, Case No. 2005-CF-430, of one count of attempted first degree premeditated murder and one count of burglary of a dwelling with assault or battery (doc. 1 at 1; doc. 16, Ex. S at 8). He was sentenced on June 29, 2006, to two concurrent terms of twenty-five (25) years in prison, with pre-sentence jail credit of 545 days (doc. 1 at 1; doc. 16, Ex. S at 10–16).

On June 29, 2010, Petitioner sought federal habeas corpus relief under 28 U.S.C. § 2254 in this court (*see* doc. 1 at 3). *See* Bishop v. Tucker, Case No. 3:10cv234/RV/EMT, Petition (N.D. Fla. June 30, 2010). The court denied the petition on May 4, 2012. *See* Bishop v. Tucker, No. 3:10cv234/RV/EMT, 2012 WL 1571403 (N.D. Fla. Apr. 18, 2012), *Report and Recommendation Adopted By*, 2012 WL 1571383 (N.D. Fla. May 4, 2012). Petitioner appealed the decision to the Eleventh Circuit Court of Appeals, Case No. 12-13280, and the Eleventh Circuit denied Petitioner's motion for certificate of appealability on November 2, 2012. *See* Bishop, Case No. 3:10cv234/RV/EMT, Order (11th Cir. Nov. 2, 2012).

On April 18, 2012, Petitioner filed a motion to correct illegal sentence in the state circuit court, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. S at 1–17). The state circuit court denied the motion in an ordered rendered July 3, 2012 (*id.* at 18–20). Petitioner filed a motion for rehearing (*id.* at 34–40). In an order rendered August 22, 2012, the court denied the motion for rehearing, but directed the clerk of court to "correct the Defendant's Judgment to reflect that the Defendant's crime of attempted first degree premeditated murder is a 'F1' not a 'F1 PBL.'" (*id.* at 42–44). The clerk of court corrected the judgment as ordered and re-recorded the judgment on August 29, 2012 (*id.* at 45–52). Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D12-4847 (Ex. S at 53, Ex. T). The First DCA affirmed per curiam without written opinion on January 24, 2013, with the mandate issuing March 21, 2013 (Exs. T, W). Bishop v. State, 108 So. 3d 1080 (Fla. 1st DCA 2013) (unpublished).

Petitioner filed the instant § 2254 petition on March 14, 2013 (doc. 1). He asserts the following three grounds for relief:

> Ground one: The charge in count one was illegally enhanced to a life felony in violation of the Petitioner's Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution.

Ground two: The charge in count two is illegal where the jury's verdict found Petitioner guilty of an uncharged element, in violation of the Petitioner's Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution.

Ground three: The sentence in count two amounts to double jeopardy in violation of the Petitioner's Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution.

(doc. 1 at 3–5).

II. ANALYSIS

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. *See* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Section 2244 provides, in relevant part:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

28 U.S.C. § 2244 (emphasis added).  A district court lacks the jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals.  28 U.S.C. § 2244(b)(3)(A).

Petitioner contends the instant petition is not "second or successive" because a new, modified judgment was entered by the state court after he filed his first § 2254 petition and before he filed the instant § 2254 petition (doc. 13).  Therefore, according to Magwood v. Patterson, 130 S. Ct. 2788 (2010), the instant petition challenging the new judgment is not second or successive (*id.*).  In Magwood, the Supreme Court determined that when a defendant is resentenced in state court, and a new intervening judgment is rendered, the defendant's federal challenge to the new judgment in a § 2254 petition is not deemed second or successive, for purposes of § 2244(b), even if the defendant challenged the original judgment in a prior § 2254 petition.  Magwood, — U.S. —, 130 S. Ct. 2788, 2803, 177 L. Ed. 2d 592 (2010).

Respondent contends Magwood and cases like it are inapplicable, because those cases involved a new judgment entered after an actual resentencing resulting from a change in the conviction or sentence (doc. 16 at 1–5).  Respondent argues Petitioner's conviction and sentence were not changed in this case; nor was he resentenced.  Instead, the clerk of court simply re-recorded the judgment after the court directed the clerk to correct a "scrivener's error" (*id.*).  Therefore, it is not a "new judgment" under Magwood.  Accordingly, the instant petition is second or successive, and without permission from the Eleventh Circuit for Petitioner to proceed, this court lacks jurisdiction to consider it (*id.*).

Neither the Supreme Court nor the Eleventh Circuit has squarely addressed whether correction of a clerical error in a judgment constitutes a "new" judgment under Magwood.  The Tenth Circuit has determined, albeit in unpublished decisions, that it does not. *See, e.g.*, Gomez v. Davis, 514 F. App'x 825, 826–27 (10th Cir. 2013) (unpublished) (state trial court's minute order vacating court costs was not a new judgment under Magwood); In re Martin, 398 F. App'x 326, 327 (10th Cir. 2010) (unpublished) (amended judgment which merely corrected clerical error, and was not the result of a new proceeding resulting in a new judgment, was not a "new judgment" under Magwood; therefore, petitioner's second § 2254 petition challenging amended judgment was deemed second or successive, for purposes of § 2244(b)).

Case No.:  3:13cv118/MCR/EMT

In the analogous context of applying the AEDPA's one-year statute of limitations, the Supreme Court has focused on whether the amended judgment resulted from a resentencing upon modification of a conviction or sentence, in determining whether the date of finality of the original judgment, or the amended judgment, triggers the AEDPA's one-year limitations period. *See* Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (federal limitations period did not begin "until both [petitioner's] conviction and sentence 'became final by the conclusion of direct review. . . .'"); *see also* Ferreira v. Sec'y Dep't of Corr., 494 F.3d 1286 (11th Cir. 2007) (addressing issue of what constitutes "judgment" for purposes of AEDPA's statute of limitations when petitioner is resentenced in state court and raised federal habeas claims relating only to original conviction, and holding that judgment on resentencing was judgment which triggered federal limitations period, because judgment is based on both conviction and sentence).

Neither the Supreme Court nor the Eleventh Circuit has squarely addressed whether the correction of a clerical error in a judgment restarts the one-year limitation provision of § 2244(d). However, the Eleventh Circuit's analysis in United States v. Portillo, 363 F.3d 1161 (11th Cir. 2004) indicates that it does not. In Portillo, the district court corrected a clerical error in the restitution provision of a criminal judgment. Thereafter, the defendant appealed the restitution portion of the amended judgment. The Eleventh Circuit held that the appeal was untimely pursuant to Fed. R. App. P. 4(b)(1)(A), because the defendant should have appealed the restitution order in the original judgment, which he did not do. *Id.* at 1166. The correction of the clerical error did not provide the defendant with a second opportunity to appeal the judgment. *Id.*

Other courts which have addressed this narrow issue appear to have uniformly held that when a court corrects a clerical error in a criminal judgment, the AEDPA's one-year limitations period does not begin anew when the court corrects the clerical error. *See* United States v. Dodson, 291 F.3d 268, 275 (4th Cir. 2002) (§ 2255 limitations period does not begin anew when "appellate court . . . remands for a ministerial purpose that could not result in a valid second appeal"); *see also, e. g.*, United States v. Greer, 79 F. App'x. 974 (9th Cir. 2003) (unpublished) (amended judgment which merely corrected a clerical mistake in the original written judgment to clarify the terms of the sentence as orally pronounced at the sentencing hearing did not restart Section 2255's limitation period); Young v. Tucker, No. 3:11cv251/MCR/EMT, 2012 WL 1605893, at *3 n.2 (N.D. Fla. Mar.

20, 2012) (unpublished) (correction of written judgment to reflect that count two was a first degree felony instead of a life felony was merely correction of a clerical or scrivener's error, not a resentencing, and thus did not restart the one-year limitation of § 2244(d)), *Report and Recommendation Adopted By*, 2012 WL 1605887 (N.D. Fla. May 8, 2012); Rojas v. United States, Nos. 10-80815-Civ-RYSKAMP, 07-80161-Cr-RYSKAMP, 2011 WL 1467008, at *2–3 (S.D. Fla. Mar. 21, 2011) (unpublished) (entry of amended judgment to correct clerical error, *i.e.*, incorrect "USM number," did not restart § 2255 limitations period), *Report and Recommendation Adopted By*, 2011 WL 1467226 (S.D. Fla. Apr. 18, 2011); Martin v. Province, No. 10-CV-648-TCK-PJC, 2010 WL 5093403, at *2 n.2 (N.D. Okla. Dec. 8, 2010) (unpublished) (entry of amended judgment to correct clerical error, i.e., incorrect description of crime as Possession of Controlled Drug, instead of Possession of Controlled Drug with Intent to Distribute, did not restart state habeas petitioner's one-year limitations period for filing § 2254); Perry v. United States, No. 1:09cv1101, 2010 WL 431333, at *3 (W.D. Mich. Jan. 27, 2010) (unpublished) (amended judgment clarifying precise amount of restitution was not "operative judgment" for purposes of one-year limitation period for filing § 2255 motion); Mathews v. Sec'y, No. 8:09cv57-T-30EAJ, 2009 WL 5128027, at *1 (M.D. Fla. Dec. 21, 2009) (unpublished) (change in written sentence to correct omission of oral pronouncement that petitioner was sentenced as habitual felony offender did not restart AEDPA's one-year limitation period); Wray v. Ward, No. 03-CV-067-JHPPJC, 2007 WL 1822388, at *7 n.4 (N.D. Okla. June 22, 2007) (unpublished) (entry of amended judgments did not affect finality of original judgment and, therefore, did not restart limitations period for § 2254 petition); United States v. Gericke, No. 4:09CR3176, 2007 WL 1291098, at *3 n.2 (D. Neb. Mar. 21, 2007) (unpublished) (second amended judgment, which corrected clerical mistake in first amended judgment, did not restart § 2254 clock).

In the instant case, the state court order directing correction of the judgment in 2012, was titled "Order Denying Defendant's Motion for Rehearing and Directing the Clerk to Correct a Scrivener's Error in the Judgment" (Ex. T at 42). The state court determined that the 2006 judgment incorrectly indicated Count One was a first degree felony punishable by life ("F1 PBL") instead of simply a first degree felony ("F1") (*id.*). The court directed the clerk to correct the judgment to

reflect that Petitioner's crime of attempted first degree premeditated murder was a "F1" not a "F1 PBL." (*id.* at 42, 44). The clerk of court corrected and re-recorded the judgment (*id.* at 45).

The undersigned concludes that the 2012 judgment, which was simply a re-recorded version of the 2006 original judgment after the clerk corrected the scrivener's error, was not a new, intervening judgment under <u>Magwood</u>. Unlike <u>Magwood</u>, the corrected judgment in this case was not entered as a result of a resentencing; indeed, Petitioner's convictions and sentences as to both counts remained unchanged. Further, the 2012 judgment did not affect the finality of the 2006 judgment. Therefore, the instant § 2254 petition challenging the judgment in Escambia County Circuit Court Case No. 2005-CF-430 is second or successive for purposes of § 2244; and the district court lacks jurisdiction to hear it absent authorization from the Eleventh Circuit, pursuant to § 2244(b)(3)(A).[2]

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

---

[2] Petitioner does not argue that the claims raised in the instant petition were not ripe at the time he filed his first § 2254 petition. Therefore, the Supreme Court's decision in <u>Panetti v. Quarterman</u>, 551 U.S. 930, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) does not apply. In <u>Panetti</u>, the Court concluded that a claim that was not ripe at the time the state prisoner filed his first federal habeas petition would not be considered "second or successive" under § 2244(b) if the petitioner asserted the claim in a later habeas petition once it became ripe. 551 U.S. at 947. All of Petitioner's claims in the instant petition were ripe at the time Petitioner filed his first § 2254 petition.

Case No.: 3:13cv118/MCR/EMT

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's habeas petition (doc. 1) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 18th day of September 2013.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**